# In the United States Court of Federal Claims

No. 22-1673
(Filed: April 25, 2023)

## NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GEORGE D. PREWITT, JR., | * | |
| | * | |
| Plaintiff, | * | RCFC 52.2; Motion for Remand; |
| | * | Motion for Preliminary Injunction; |
| v. | * | Motion for Summary Judgment; |
| | * | Motion for RCFC 26 Disclosures; |
| THE UNITED STATES, | * | Disability Retirement; Substantial and |
| | * | Legitimate; Prejudice. |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*George D. Prewitt, Jr.*, Greenville, MS, proceeding *pro se*.

*Kristin E. Olson*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant. *Holly Bryant*, Military Personnel Litigation Branch, U.S. Army Legal Services Agency.

## <u>MEMORANDUM OPINION AND ORDER</u>

**DIETZ, Judge.**

 *Pro se* plaintiff, George Dunbar Prewitt, a former member of the United States Army ("Army"), brings suit challenging a decision by the Army Board for Correction of Military Records ("ABCMR") denying him a disability retirement. After filing his complaint, Mr. Prewitt filed a series of motions, including two motions for a preliminary injunction, a motion for summary judgment, and a motion for disclosures pursuant to Rule 26 of the Rules of the Court of Federal Claims ("RCFC"). In addition to filing responses to Mr. Prewitt's various motions, the government also filed a motion to establish a schedule and a motion for a voluntary remand, both of which Mr. Prewitt opposes.

 Because the government has provided substantial and legitimate reasons for a remand and a remand will not unduly prejudice Mr. Prewitt, the government's motion to remand is **GRANTED-IN-PART** and **DENIED-IN-PART**. The government's motion to establish a schedule is **DENIED AS MOOT**. Furthermore, Mr. Prewitt's motions for preliminary injunction are **DENIED** because such motions require that the Court rule on the merits of his claim and do not maintain the status quo. Mr. Prewitt's motion for summary judgment is **DENIED** because the proper vehicle for resolving a challenge to a military records correction board decision is a motion for judgment on the administrative record. Mr. Prewitt's motion for disclosures pursuant to RCFC 26 is **DENIED AS MOOT** because the government served Mr. Prewitt a copy of the administrative record.

## I.      BACKGROUND

The Army drafted Mr. Prewitt into service on March 12, 1968, for the Vietnam War. Compl. [ECF 1] ¶ 1. On February 22, 1969, Mr. Prewitt suffered a gunshot wound to his neck. Shortly thereafter, on July 2, 1969, the Army issued Mr. Prewitt a DA Form 3349, which restricted his activities. *Id. ¶* 2. On September 22, 1969, Mr. Prewitt underwent an orthopedic physical evaluation to assess his fitness for retention. *Id.* ¶ 5. The evaluation stated that Mr. Prewitt could "elevate [his] left arm to 90 degrees but with some pain" and that he "is qualified for retention with permanent profile but would have an ENT or plastic surgery consultation for further evaluation of painful neck injury residuals." Ex. to Compl. [ECF 1-1] at 3.[1] Shortly after this evaluation, Mr. Prewitt underwent neck surgery. [ECF 1] ¶ 6. Mr. Prewitt was relieved from active-duty service on March 11, 1970 and moved to the Army Reserves. *Id.* ¶¶ 4, 8(B), 12. In an evaluation by the Department of Veteran Affairs on June 17, 1970, it was noted that Mr. Prewitt could not move his arm beyond 60 to 75 degrees, and Mr. Prewitt was assigned a disability rating of 30 percent. *Id.* ¶ 12; [ECF 1-1] at 11-12.

In 2022, the ABCMR considered whether, at the time of his separation, Mr. Prewitt should have been retired or discharged due to his disability. *See* [ECF 1] ¶ 8. The ABCMR asked the Army Review Board Agency ("ARBA") medical advisor to review Mr. Prewitt's case.[2] *Id.* ¶ 8(C). The ARBA medical advisor found that Mr. Prewitt should have been referred to the Disability Evaluation System ("DES"). *Id.* The ABCMR then determined that Mr. Prewitt was entitled to partial relief and referred his claim to the Office of the Surgeon General "to determine if [Mr. Prewitt] should have been retired or discharged by reason of physical evaluation disability through the [DES]." *Id.* ¶ 8(A). The Office of Surgeon General requested the opinion of Dr. Robert B. Coutant of the Fort Benning Medical Evaluation Board. *Id.* ¶ 8(B). After reviewing Mr. Prewitt's records, Dr. Coutant determined that Mr. Prewitt "did not required referral to the DES[.]" *Id.* The ABCMR adopted Dr. Coutant's position and held that Mr. Prewitt "did not require disability processing at the time of separation." *Id.* ¶ 8(A).

On November 9, 2022, Mr. Prewitt filed his complaint challenging the ABCMR decision and Dr. Coutant's findings as arbitrary, capricious, an abuse of discretion, and contrary to law. *See* [ECF 1] ¶ 22. Mr. Prewitt also seeks repayment of a $50 fine he was assessed as a punishment during his service. *See id.* Concurrent with his complaint, Mr. Prewitt filed a motion for a preliminary injunction. [ECF 2]. On December 1, 2022, Mr. Prewitt filed a second motion preliminary injunction. [ECF 11]. A few days later, on December 12, 2022, Mr. Prewitt filed a motion for summary judgment, [ECF 12], however, the Court stayed the government's response to Mr. Prewitt's motion for summary judgment, [ECF 10]. Prior to the government's deadline to file an answer to Mr. Prewitt's complaint, on January 6, 2023, the government filed a motion to establish a schedule, [ECF 14], which Mr. Prewitt opposed, [ECF 15]. In its reply in support of its motion to establish schedule, the government moved to remand Mr. Prewitt's case to the

---

[1] All page numbers in the parties' filings refer to the page numbers generated by the CM/ECF system

[2] Mr. Prewitt appears to have mistakenly referred to this medical advisor as an ABCMR evaluator in his complaint. In later filings both Mr. Prewitt and the government refer to this advisor as working for the ARBA. *See* Pl'.s 2d Mot. for Prelim. Inj. [ECF 11] at 4; Def.'s Reply in Supp. of Mot. to Establish Sch. & Mot. to Remand [ECF 18] at 2.

ABCMR to reconsider Mr. Prewitt's claims. [ECF 18]. All motions are fully briefed, and the Court has determined that a hearing is not needed.

## II.     MOTION TO REMAND

The government moves to remand Mr. Prewitt's case to the ABCMR for reconsideration because "[t]he ABCMR did not afford Mr. Prewitt an opportunity to submit any arguments or evidence in response to Dr. Coutant's opinion or the Office of the Surgeon General's memorandum." [ECF 18] at 3-4. Although the government does not concede error, it states that "the ABCMR intends to reconsider Mr. Prewitt's claims, including any supplemental matters Mr. Prewitt would like to raise in light of Dr. Coutant's opinion." *Id.* at 5. Furthermore, the government asserts that the administrative record in this case is incomplete because the ABCMR has not considered any rebuttal to Dr. Coutant's opinion. *Id*.

This Court has the authority "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2). An agency may request a remand, without conceding error, to reconsider its previous position with respect to a governing statute or procedures that were followed. *SKF USA Inc. v. United States*, 254 F.3d 1022,1029 (Fed. Cir. 2001). When an agency makes such a remand request, the court has discretion on whether to grant the remand request. *Id*. In exercising such discretion, the court considers whether the agency's concern is "substantial and legitimate." *Id*. If the court determines that the agency's concern is "substantial and legitimate," a remand is usually appropriate. *Id*. However, if the court determines that the agency's remand request is frivolous or in bad faith, the court may deny the request. *Id*. The Court may also deny a remand request if the remand would serve no useful purpose or would unduly prejudice the non-moving party. *Martinez v. United States*, 333 F.3d 1295, 1310 (Fed. Cir. 2003); *Rahman v. United States*, 149 Fed. Cl. 685, 689 (2020). When an agency requests a remand without conceding error, the agency must express some intent to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge. *Keltner v. United States*, 148 Fed. Cl. 552, 563 (2020). "[R]emand is not appropriate in all circumstances and the Court should only grant such a motion after serious consideration." *Trace Sys., Inc. v. United States*, No. 22-404, 2022 WL 2963486, at *2 (Fed. Cl. July 26, 2022).

The Court finds that the government's reasons for seeking a remand of Mr. Prewitt's case are substantial and legitimate. While not conceding error, the government states that a remand will provide Mr. Prewitt with an opportunity to respond to Dr. Coutant's opinions and the Office of the Surgeon General's memorandum and to submit additional evidence for consideration by the ABCMR. [ECF 18] at 3. The government also states that the ABCMR intends to reconsider Mr. Prewitt's claims. *Id*. These are valid reasons for a remand. *See SKF USA Inc.*, 254 F.3d at 1029; *Rahman*, 149 Fed. Cl. at 691 (stating that allowing the agency an opportunity to review its decision and correct a potential error is "preferred over judicial intervention, which is most appropriate when an agency refuses to correct a substantive or procedural error"). An agency's desire to reconsider its decision to ensure that the proper procedures were followed in reaching that decision is usually appropriate grounds for a remand. *See SFK USA Inc.*, 254 F.3d at 1029; *Lyon v. United States*, 161 Fed. Cl. 88, 93 (2022). The remand request also does not appear frivolous or in bad faith. The government is requesting a remand to allow the ABCMR to

reconsider its decisions based on new rebuttal arguments and evidence from Mr. Prewitt, not to supplement the rationale for its prior decision. The remand will also allow Mr. Prewitt to raise any new claims, including his claim relating to the $50 fine assessed by the Army in 1969. *See* [ECF 1] ¶ 14; [ECF 18] 6 n.3 ("To ensure that the corrections board addresses all of Mr. Prewitt's claims, we reiterate that Mr. Prewitt may submit whatever claims he wishes to pursue to [the] ABCMR for consideration[.]"). Affording Mr. Prewitt with an opportunity to assert new rebuttal arguments, submit new evidence, and make additional claims for consideration by the ABCMR will also further develop the record, which will assist the Court if further proceedings are necessary post remand.

In his opposition to the government's motion for remand, Mr. Prewitt argues that he is "entitled to disability retirement pay at this instant." Pl.'s Resp. to Mot. to Remand [ECF 20] at 20. Additionally, in his sur-reply he cites to being prejudiced by a remand because of his advanced age. *See* Pl.'s Sur-Reply to Mot. To Remand [ECF 27] at 7. The Court is not persuaded that Mr. Prewitt will be unduly prejudiced by a remand. Mr. Prewitt may receive all the relief he seeks during remand, thus avoiding the need for further judicial proceedings. *See* 10 U.S.C. § 1552. If the ABCMR determines that relief is warranted, it will be able to simultaneously correct his military records and coordinate with the appropriate agencies to provide the requisite monetary relief. *See Wolfing v. United States*, No. 18-523, 2022 WL 17409572, at *15 (Fed. Cl. Dec. 2, 2022). Therefore, a remand could lead to a more expeditious resolution of this case. Additionally, in order to address Mr. Prewitt's argument that he is entitled to immediate relief, this Court would need to rule on merits of his claim, and such a decision would be premature without a complete administrative record for the Court to review. *See Walls v. United States*, 582 F.3d 1358, 1368 (Fed. Cir. 2009) (stating that "review of military corrections board[s] is limited to the administrative record.").[3]

The Court is, however, cognizant of the need to avoid unnecessary delay, and the Court does not agree with the government's requested remand period of six months. Under RCFC 52.2, six months is the maximum length of time the Court can grant for a remand period. *See* RCFC 52.2(b)(1)(B). The length of a remand period depends on the circumstances in each case, including the extent of prior proceedings, whether records have been previously compiled, and the narrowness of the scope of the issues on remand. *See Holmes v. United States*, 142 Fed. Cl. 791, 794 (2019).

In this case, the ABCMR should be able to complete its work in less than six months. Mr. Prewitt has already been before the ABCMR, and the government has already compiled the administrative record. *See* Notice [ECF 27]. The remand is intended to allow Mr. Prewitt to submit his rebuttal arguments and additional evidence challenging Dr. Coutant's opinion and to enable the ABCMR to reconsider its prior decision. Also, it will allow Mr. Prewitt to submit any

---

[3] In his sur-reply, Mr. Prewitt challenges the constitutionality of the ABCMR under the Appointments Clause of the United States Constitution. *See* [ECF 27] at 2. The Court will not consider this argument. A party "may not raise new arguments in a reply brief." *ClinComp Int'l, Inc. v. United States*, 135 Fed. Cl. 477, 482 (2017). Mr. Prewitt has not previously challenged the constitutionality of the ABCMR's decision and cannot do so for the first time in a sur-reply. Additionally, this Court may only hear constitutional challenges when the Constitution "expressly creates a substantive right enforceable against the federal government for money damages." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). The Appointments Clause of the Constitution does not create such a right.

new arguments that he may have to ensure that the remand produces a comprehensive record. Under these circumstances and given the limited nature of the issues on remand, a remand period of 120 days should be sufficient for the ABCMR to complete its work.

## III.    OTHER PENDING MOTIONS

Mr. Prewitt filed two separate motions seeking a preliminary injunction. In his first motion, Mr. Prewitt lists the pertinent facts of his case and requests that the Court "order a prompt response by the [D]efendant." *See* [ECF 2] at 2-3. In his second motion, Mr. Prewitt argues the merits of his case and asserts that the ABCMR violated various statutes and regulations in reaching its decision. *See* [ECF 11] at 1-14. Mr. Prewitt then requests that the Court order the ABCMR to comply with the statutes and regulations he cites in his motion and that "[Mr. Prewitt] be regarded as if [he] has been on active duty since March 11, 1970, and that [Mr. Prewitt] receive appropriate compensation." *Id.* at 16. A preliminary injunction is not warranted in this case. The purpose of a preliminary injunction is to "preserve[s] the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. United States*, 451 U.S. 390, 395 (1981). In his motions, Mr. Prewitt seeks to obtain relief before the Court may address the merits of his case, not to maintain the status quo of the parties during the pendency of this litigation. *See Litton Sys., Inc. v. Sundstrand Corp.*, 750 F.2d 952, 961 (Fed. Cir. 1984) ("The function of preliminary injunctive relief is to preserve the status quo pending a determination of the action on the merits."). Accordingly, Mr. Prewitt's motions for preliminary injunction are denied.

Mr. Prewitt also filed a motion for summary judgment. [ECF 12]. However, summary judgement is not appropriate in this instance. When reviewing the decision of a military board in the context of a disability retirement claim, "the court's role, as in other record cases, is limited to determining whether the agency's final action was 'arbitrary or capricious, unsupported by substantial evidence, or otherwise not in accordance with law.'" *Grooms v. United States*, 113 Fed. Cl. 651, 660 (2013) (quoting *Fisher v. United States*, 402 F.3d 1167, 1180 (Fed. Cir. 2005)). The court conducts this review based upon the administrative record. *See Walls*, 582 F.3d at 1368 (stating that "review of military corrections board[s] is limited to the administrative record."); *Bailey v. United States*, 145 Fed. Cl. 453, 460 (2019). Therefore, summary judgment procedurally inappropriate in this case because the "summary judgement standards are not pertinent to judicial review upon an administrative record." RCFC 52.1 Rules Committee Note (2006 Adoption); *see also Hwang v. United States*, 94 Fed. Cl. 259, 268 n.4 (2010).[4] Accordingly, Mr. Prewitt's motion for summary judgment is denied.

Finally, Mr. Prewitt filed a motion for disclosures pursuant to RCFC 26 requesting that the Court order the government to provide him his records, "particularly [his] Official Military Personnel File[.]" [ECF 21] at 1. After Mr. Prewitt filed this motion, the government filed a

---

[4] Mr. Prewitt asserts that the government failed to respond to Mr. Prewitt's motion for summary judgment and "is in default for failing to file an answer[.]" [ECF 15] at 3-4. The government was not required to file a response to Mr. Prewitt's motion for summary judgment because the Court explicitly stayed the government's response. *See* Dec. 13, 2022 Order [ECF 10]. The government was also not required to file an answer to Mr. Prewitt's complaint. Prior to the deadline for filing an answer, the government filed a motion to establish a schedule providing that the government intended to file a motion for judgment on the administrative record ("MJAR"). *See* [ECF 14] at 2. Under the Court's rules, an MJAR obviates the requirement for the filing of an answer. *See* RCFC 52.1(c)(3).

notice stating that it has "now provided Mr. Prewitt: (1) records in the Army's possession concerning Mr. Prewitt's request for records correction from the [ABCMR], and (2) a copy of his Official Military Personnel File." *See* [ECF 25]. Because the government has provided Mr. Prewitt with a copy of the administrative record, Mr. Prewitt's motion for RCFC 26 disclosures is denied as moot.

**IV.    CONCLUSION**

For the reasons above, the government's motion to remand is **GRANTED-IN-PART AND DENIED-IN-PART**. This case **SHALL BE REMANDED** to the ABCMR. Pursuant to RCFC 52.2, the Court provides the following remand instructions:

1.    The remand period **SHALL TERMINATE** on **August 22, 2023**, and proceedings in this case are **STAYED** until that date. If the ABCMR fails to issue its decision by the termination of the remand period, the parties shall file motions with the Court pursuant to RCFC 52.2(c).

2.    The ABCMR **SHALL RECONSIDER** the merits of the claims asserted by Mr. Prewitt in this case, along with the opinion of Dr. Coutant that was adopted by the Office of the Surgeon General and any further evidence or argument that Mr. Prewitt may submit during remand in accordance with ABCMR procedures, and any further evidence that the ABCMR may wish to obtain to further develop the factual record in this matter.

3.    Mr. Prewitt **MAY FILE** any new or supplemental arguments or evidence in support of his claim for military disability retirement with the ABCMR, including any additional medical records, **on or before June 23, 2023**.

4.    The government **SHALL FILE** a status report **every 60 days**, starting from the date of this order until the ABCMR issues a decision. The status report shall advise the Court of the status of the remand proceedings.

5.    The ABCMR is **DIRECTED** to promptly forward its decision to Mr. Prewitt and to counsel of record for the United States, and to forward two copies to the Clerk of Court pursuant to RCFC 52.2(d).

6.    Each party **SHALL FILE** a notice pursuant to RCFC 52.2(e) within **45 days** of the ABCMR decision indicating their respective positions on whether the ABCMR's decision affords a satisfactory basis for disposition of the case or whether further proceedings before the court are required and, if so, the nature of such proceedings.

The Clerk is **DIRECTED** to serve a certified copy of this Memorandum Opinion and Order on the ABCMR at: Office of Army Review Boards Agency, 251 18th Street South, Suite 385, Arlington, VA 22202-3531.

Additionally, Mr. Prewitt's motions for preliminary injunction [ECFs 2, 11] are **DENIED**, his motion for summary judgment [ECF 12] is **DENIED**, and his motion for RCFC 26 disclosures [ECF 21] is **DENIED AS MOOT**. The government's motion to establish a schedule [ECF 14] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge