# In the United States Court of Federal Claims

No. 22-1673

(Filed: August 23, 2023)

**NOT FOR PUBLICATION**

```
***************************************
GEORGE D. PREWITT, JR.,                *
                                       *
               Plaintiff,              *
                                       *
       v.                              *    RCFC 54(b); Motion for
                                       *    Reconsideration.
                                       *
THE UNITED STATES,                     *
                                       *
               Defendant.              *
***************************************
```

*George D. Prewitt, Jr.*, Greenville, MS, proceeding *pro se*.

*Kristin E. Olson*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant. With whom was *Holly Bryant*, Military Personnel Litigation Branch, U.S. Army Legal Services Agency.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

George D. Prewitt, Jr., proceeding *pro se*, filed a complaint on November 9, 2022, challenging a decision by the Army Board for the Correction of Military Records ("ABCMR") that denied him a medical disability retirement. *See* [ECF 1] ¶ 22. On February 3, 2023, the government moved to remand Mr. Prewitt's case to the ABCMR for reconsideration because "[t]he ABCMR did not afford Mr. Prewitt an opportunity to submit any arguments or evidence" in response to materials relied upon by the ABCMR in making its decision. [ECF 18] at 3-4.[1] The Court granted the government's motion and remanded Mr. Prewitt's case to ABCMR on April 25, 2023 ("April 25th Remand Order"). *See Prewitt v. United States*, 2023 WL 3083162 (Fed. Cl. Apr. 25, 2023). On remand, the Court instructed that the "ABCMR shall reconsider the merits of the claims asserted by Mr. Prewitt in this case, along with the opinion of [a medical doctor] that was adopted by the Office of the Surgeon General and any further evidence or argument that Mr. Prewitt may submit during remand in accordance with ABCMR procedures, and any further evidence that the ABCMR may wish to obtain to further develop the factual record in this matter." *Id.* at *4 (emphasis removed).

---

[1] All page numbers in the parties' filings refer to the page numbers generated by the CM/ECF system.

On May 3, 2023, Mr. Prewitt filed a motion to amend the Court's April 25th Remand Order. [ECF 30]. The Court subsequently ordered the government to file a response to Mr. Prewitt's motion, [ECF 31], and the government filed a response on May 23, 2023. [ECF 32]. Mr. Prewitt filed a reply on May 30, 2023. [ECF 33]. Mr. Prewitt's motion is fully briefed, and the Court determined that oral argument is not necessary.

As a *pro se* plaintiff, Mr. Prewitt is entitled to a liberal reading of his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court construes Mr. Prewitt's motion as a request to amend the April 25th Remand Order pursuant to Rule 54(b) of the Rules of the United States Court of Federal Claims ("RCFC"). Although Mr. Prewitt states that his motion is made pursuant to RCFC 59(e) and RCFC 60(b), these rules apply to the reconsideration of final judgments, whereas RCFC 54(b) applies to the reconsideration of interlocutory orders. *Compare* RCFC 54(b) *with* RCFC 59(e); RCFC 60(b); *see also Fla. Power & Light Co. v. United States*, 66 Fed. Cl. 93, 97 (2005) ("Rule 54(b) governs non-final orders[.]"); *E&I Glob. Energy Servs., Inc. v. United States*, 152 Fed. Cl. 524, 530 (2021). RCFC 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment[.]" RCFC 54(b). Under RCFC 54(b), the court has wide discretion to revise its prior orders "as justice requires." *L-3 Commc'ns Integrated Sys., L.P. v. United States*, 98 Fed. Cl. 45, 48 (2011).

Mr. Prewitt requests that the Court amend its April 25th Remand Order to "direct that if the appointment of the ABCMR members violates the Appointment[s] Clause, then the Secretary of the Army and/or the Secretary of Defense shall implement the money-mandating provisions of Title 10 of the U.S. Code that are applicable to this matter [.]" [ECF 30] at 2. The government opposes Mr. Prewitt's request, arguing that Mr. Prewitt "seeks to revisit his Appointments Clause argument" that the Court appropriately disposed of in its April 25th Remand Order and that there is no reason for the Court to reconsider its decision. [ECF 32] at 2-3. The Court concludes that reconsideration of Mr. Prewitt's arguments relating to the Appointments Clause and amending the April 25th Remand Order are not warranted. As the government notes, the Court already addressed these arguments. In the April 25th Remand Order, the Court held that Mr. Prewitt cannot raise his Appointments Clause argument for the first time in a sur-reply to the government's motion to remand. *See Prewitt*, 2023 WL 3083162, at *3 n.3 (citing *ClinComp Int'l, Inc. v. United States*, 135 Fed. Cl. 477, 482 (2017)). The Court also held that the Appointments Clause cannot serve as the basis of a claim in this Court because it is not a money-mandating source of law. *See id*. Mr. Prewitt does not explain why the Court's conclusions were incorrect, and Mr. Prewitt cannot further challenge these conclusions by simply reasserting them in a motion for reconsideration. *See Alpha I, L.P. ex rel. Sands v. United States*, 86 Fed. Cl. 568, 572 (2009) ("A motion for reconsideration is not intended, however, to give an unhappy litigant an additional chance to sway the court." (quoting *Matthews v. United States*, 73 Fed. Cl. 524, 525 (2006)).

Mr. Prewitt also requests that that the Court amend its April 25th Remand Order to direct the ABCMR to address additional arguments that he now raises based on documents provided to him by the government. [ECF 30] at 2-5. The government contends that it is unnecessary for the Court to amend the April 25th Remand Order to direct the ABCMR to address these arguments because it already provides Mr. Prewitt with the opportunity to file any new or supplemental

arguments and directs the ABCMR to consider his arguments. [ECF 32] at 3. The Court agrees with the government that amending the April 25th Remand Order is unnecessary. The April 25th Remand Order states that "Mr. Prewitt may file any new or supplemental arguments or evidence in support of his claim for military disability retirement with the ABCMR." *Prewitt*, 2023 WL 3083162, at *4 (emphasis omitted). It further states that the ABCMR shall consider "any further evidence or argument that Mr. Prewitt may submit during remand in accordance with ABCMR procedures." *Id*. Thus, if Mr. Prewitt wishes to make new or supplemental arguments in connection with his claim, he should submit those arguments to the ABCMR.

For these reasons, Mr. Prewitt's motion to amend the April 25th Remand Order [ECF 30] is **DENIED**.

**IT IS SO ORDERED.**

 s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
